IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF NEW MEXICO

DIEGO TIJERINA,

    Plaintiff,

v.                                                                            CV 20-0706 MV/JHR

STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT, CHRIS MARQUEZ and JOSE
CORDERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This case comes before the Court on Defendants' Motion to Compel Supplemental Discovery Responses under Rule 26 and Supporting Memorandum of Law [Doc. 66]. Plaintiff Diego Tijerina filed a response [Doc. 69] and Defendants replied [Doc. 83], completing the briefing on June 14, 2021. The parties participated in an informal discovery conference on April 22, 2021 but were apparently unable to agree on the written form of a stipulation reached during the conference concerning Mr. Tijerina's damages and his alleged failure to adequately put Defendants on notice of the damages he would seek. [*See* Docs. 64, 65, and 66, pp. 1-2]. Having held that conference and reviewed the parties' briefing, the Court finds that Mr. Tijerina has satisfied Rule 26(a) through disclosing the emotional distress and pain and suffering compensatory damages and punitive damages he will seek at trial by analogizing his case to a similar recent jury verdict from this district. Therefore, Defendants' Motion is **denied**.

    **I.**    **BACKGROUND**

    Defendants removed this case from state court on July 16, 2020, asserting the Complaint presents a dispute arising under the Court's federal question original jurisdiction (Eighth Amendment to the Constitution), and invoking the Court's supplemental jurisdiction over for a

state law claim. [Doc. 1, pp. 1-2]. Attached to the Notice of Removal is Mr. Tijerina's Complaint for Deprivation of Civil Rights ("Complaint"). [Doc. 1-2].

The Complaint seeks damages for the violation of Mr. Tijerina's constitutional rights under 42 U.S.C. § 1983 and torts under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1. [Doc. 1-2, p. 1]. The Complaint states that Mr. Tijerina was an inmate in the custody of the New Mexico Corrections Department on June 21, 2019. [Doc. 1-2, p. 2]. It identifies Defendants Chris Marquez and Jose Cordero as corrections officers employed by the New Mexico Department of Corrections who were entrusted with Mr. Tijerina and seven other inmates on June 21, 2019 at the Central New Mexico Correctional Facility (CNMCF) in Los Lunas for transport to the Northeast New Mexico Correctional Facility in Clayton. [*Id.*]. Mr. Tijerina alleges that it was hot summer day. [Doc. 1-2, p. 3]. The trip was uneventful until the transport van broke down.

Mr. Tijerina alleges that Defendant Marquez, the driver, was speeding and hit something in the roadway that caused a hole in the van's floor. [Doc. 1-2, p. 3]. Apparently, the van had a wooden board on the floor that shattered upon impact, spraying the inmates with shards. [Doc. 1-2, p. 3]. Mr. Tijerina states he was in fear for his life as the hole in the floor continued to grow. [*Id.*]. Defendants Marquez and Cordero allegedly ignored the inmates' calls for help, instead increasing the volume of the radio. [Doc. 1-2, p. 4]. The inmates could hear one of the van's tires "flapping around loudly" through the hole. [*Id.*]. Suddenly, the tire blew out, allegedly jolting Mr. Tijerina and the other inmates and causing pain in Mr. Tijerina's neck. [*Id.*].

At that point, Defendant Marquez pulled over and Defendants asked the inmates if they were all right. [Doc. 1-2, p. 4]. Mr. Tijerina complained of neck pain and about the wood shards, as did other inmates. [Doc. 1-2, p. 5]. In response Defendants were curtly dismissive. [*Id.*].

The inmates sat in the disabled van in the hot summer sun for over two hours waiting for a substitute van to arrive. [Doc. 1-2, p. 5]. When the new van arrived, the inmates found that it had no air conditioning, was lined with metal, had metal benches, and no ventilation. [Doc. 1-2, pp. 5-6]. The inmates were moved to this van with no water for approximately 90 minutes while the damaged van was repaired. [Doc. 1-2, pp. 6-7]. When the trip resumed in the substitute van it only got hotter. [Doc. 1-2, p. 7]. Mr. Tijerina alleges that the inmates tried to ask Defendants for help, but Defendants again increased the radio's volume. [Doc. 1-2, pp. 7-8].

When the second van arrived at the Penitentiary of New Mexico Mr. Tijerina was given a small cup of water and taken to see medical personnel. [Doc. 1-2, p. 8]. The inmates were then returned to the same unventilated van and driven back to CNMCF. [Doc. 1-2, p. 9]. During this trip Mr. Tijerina alleges he felt dizzy and weak and eventually lost consciousness and fell to the floor of the van, hitting his neck. [Doc. 1-2, p. 10].

Upon arrival in Los Lunas, medical staff ordered an ambulance to take Mr. Tijerina to the University of New Mexico Hospital because his blood pressure was elevated and his EKG was abnormal. [Doc. 1-2, p. 11]. He was discharged that evening. [*Id.*]. When he was returned to the facility he was placed in solitary confinement and was not permitted a shower or to leave his cell for three days until he was transported to the Northeast New Mexico Correctional Facility on June 24, 2019. [Doc. 1-2, p. 12].

Mr. Tijerina claims that Defendants violated the Constitution's Eighth Amendment's proscription against cruel and unusual punishment (Count I) and were negligent in the maintenance and operation of a motor vehicle under New Mexico state law (Count II). [Doc. 1-2, pp. 13-21]. Mr. Tijerina seeks compensatory damages for physical and emotional distress, as well as punitive damages and attorney's fees. [Doc. 1-2, p. 22].

When a discovery issue arose, the parties requested an informal conference with the Court as required by the Scheduling Order.[1] [*See* Doc. 23]. The conference was held on May 22, 2021. [Doc. 64]. As recorded in the Clerk's Minutes for the conference: "Defendants raised an issue concerning disclosure of damages. The parties will draft a stipulation resolving the issue. If agreement is not reached Defendants may file an appropriate motion." [Doc. 65]. Defendants filed the present Motion on April 26, 2021. [Doc. 66].

## II.    THE BRIEFING

Defendants explain that they sought a stipulation that Mr. Tijerina would not seek past or future medical expenses but that he would seek psychological/emotional distress damages, pain and suffering, punitive damages, and attorney's fees and costs. [Doc. 66, pp. 1-2]. Mr. Tijerina says he agreed to this stipulation. [*See* Doc. 69]. Defendants disagree, and by their Motion also seek a computation of each category of damages as required by Rule 26(a)(1)(a)(iii) or an order that Mr. Tijerina be precluded from suggesting a damages valuation at trial. [Doc. 66, pp. 2, 9]. Defendants assert that Mr. Tijerina refuses to provide computations for any of his categories of damages. [*Id.*, p. 4]. They ask that he be compelled to do so, or else precluded from stating values for these categories to the jury. [*Id.*, p. 7].

Mr. Tijerina asks the Court to deny the Motion. [Doc. 69]. He argues that he continues to disclaim special damages such as lost wages and medical expenses and has complied with his obligation to quantify his pain and suffering and emotional distress damages by analogizing a recent jury verdict in *Casias v. New Mexico Dep't of Corr.* CV 16-0056 JCH/SCY. [*Id.*, p. 2]. As Mr. Tijerina explains, the *Casias* jury awarded $1 million in compensation for pain and suffering

---

[1] As stated in the Scheduling Order, pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute. Discovery motions that fail to conform to this requirement may be summarily denied."

and emotional distress and $1 million in punitive damages against the drivers of a prison transport van who left inmates in the hot sun. [*Id.*, p. 2]. Mr. Tijerina will also seek "reasonable" attorney's fees and costs if he succeeds at trial. [*Id.*, p. 3]. Mr. Tijerina argues that Defendants "changed their minds" after the informal conference with the Court and insisted that he not argue a dollar amount to the jury. [*Id.*, p. 6].

Defendants ask in reply that Mr. Tijerina be required to clarify that he won't seek medical damages, [Doc. 83, p. 3], and "be foreclosed from suggesting a specific amount for emotional distress damages to the jury at trial [because] he has failed to provide Defendant with the amount of emotional distress sought." [*Id.*, p. 4].

### III.  LEGAL STANDARDS

Rule 26(a)(1)(A)(iii) requires a party claiming a category of damages to provide a computation of the amount claimed. Fed. R. Civ. P. 26(a)(1)(A)(iii). If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information as evidence at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c).

### IV.  ANALYSIS:

The main issue is whether Mr. Tijerina must provide a computation or other specific quantification of his non-economic damages. Whether Defendants adequately attempted to resolve that issue before filing their motion is a close question. In any event, the Court finds it more practical to resolve the dispute than to summarily deny the Motion.

Rule 26(a) imposes a blanket requirement of disclosure of a computation for each category of damages claimed. However, the Tenth Circuit has never ruled on whether non-economic damages, like emotional distress and pain and suffering, must be quantified under Rule

26(a)(1)(A)(iii). *See Smith v. Ingersoll-Rand, Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000). The Fifth Circuit, which other divisions of this Court have found persuasive, says that "[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)[(A)(iii)]." *Brower v. Sprouts Farmers Mkt., LLC*, CV16-1334 SMV/LF, 2017 WL 3397374, at *2 (D.N.M. Aug. 8, 2017) (quoting *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000)).

Mr. Tijerina disclaims lost wages and medical damages. He seeks only compensatory damages for emotional distress and pain and suffering, punitive damages, and reasonable attorney's fees and costs. He says his non-economic damages are impossible to quantify and are reserved to the jury as the community's representative. However, Mr. Tijerina did point to the *Casias* verdict as an example of the compensatory damages he will seek for emotional distress and pain and suffering as well as the amount of punitive damages he will seek if this case proceeds to trial. The Court finds that this analogy is sufficient under Rule 26(a).

While *Casias* has some distinctions, the conduct of Defendants is analogous. Mr. Tijerina alleges he lost consciousness and was injured after being kept in a hot van during a New Mexico summer while in the custody of the Defendants. As courts have recognized, emotional distress and pain and suffering compensatory damages are not subject to determination by records nor formulas but are left to the jury in view of all the evidence, as are punitive damages (within due process limitations). *See, e.g.*, *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1063 (10th Cir. 2016). Defendants have not identified a required method of calculation nor a method superior to analogy to a comparable case. Under the circumstances, the Court is unable to find that Mr. Tijerina

violated Rule 26(a) by quantifying his emotional distress, pain and suffering, and punitive damages by analogy to a jury verdict which he characterizes as based on similar facts.

Defendants have cited no binding authority requiring a trial court to prohibit a plaintiff presenting a number to the jury at trial to aid it in reaching its conclusion because he failed to specifically quantify his emotional distress and pain and suffering.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Mr. Tijerina has not violated Rule 26(a) and therefore orders that Defendants' Motion [Doc. 66] is **denied**.

Attorney fees will be awarded to neither party. Arguments from both sides show the positions taken were substantially justified, and neither party cited controlling authority.[2]

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[2] "The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Under Rule 37(a)(5)(A), the Court must award expenses against the nonmovant or its attorney if such a motion is granted unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied the Court instead must award expenses against the movant. Fed. R. Civ. P. 37(a)(5)(B). If a motion to compel or for protective order is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (quoted authority omitted).